USCA1 Opinion

 

 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 96-1841 JAMES D. HUNSBERGER, Plaintiff, Appellant, v. FEDERAL BUREAU OF INVESTIGATION, Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. William G. Young, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ James D. Hunsberger on brief pro se. ___________________ Donald K. Stern, United States Attorney, and George B. Henderson, _______________ ____________________ II, Assistant U.S. Attorney, on brief for appellee. __ ____________________ March 14, 1997 ____________________ Per Curiam. Plaintiff James Hunsberger submitted ____________ requests to the Boston division of the Federal Bureau of Investigation under the Freedom of Information Act, 5 U.S.C. 552, and the Privacy Act, 5 U.S.C. 552a, in which he sought all records that pertained to him. The FBI produced two responsive documents. Plaintiff filed suit, claiming that an inadequate search had been performed. From an award of summary judgment to the FBI, he now appeals. We affirm. Extended discussion is unnecessary. In recent years, this court has fully articulated the standards by which the adequacy of an agency search is evaluated. See, e.g., Church ___ ____ ______ of Scientology Int'l v. United States Dep't of Justice, 30 _____________________ ________________________________ F.3d 224, 230 (1st Cir. 1994); Maynard v. CIA, 986 F.2d 547, _______ ___ 559-60 (1st Cir. 1993); Gillin v. IRS, 980 F.2d 819, 821-22 ______ ___ (1st Cir. 1992) (per curiam). "The crucial issue is not whether relevant documents might exist, but whether the agency's search was reasonably calculated to discover the requested documents." Maynard, 986 F.2d at 559 (internal _______ quotation omitted). Such a determination, which we review de novo, see, e.g., Church of Scientology Int'l, 30 F.3d at 228, ___ ____ ___________________________ "is judged by a standard of reasonableness and depends upon the facts of each case." Maynard, 986 F.2d at 559. _______ Based on our review of the materials presented, we agree that an award of summary judgment was appropriate. The affidavit of Supervisory Special Agent John Michael Callahan -2- establishes that a reasonably thorough search was undertaken here. He has described, in relatively detailed and nonconclusory fashion, the structure of the agency's file system, the scope of the search performed at plaintiff's behest, and the method by which it was conducted. Plaintiff, in turn, has failed to rebut this affidavit. His attempt to adduce "positive indications of overlooked materials," Oglesby v. Department of Army, 79 F.3d 1172, 1185 (D.C. Cir. _______ __________________ 1996), or to otherwise show "that the agency's search was not made in good faith," Maynard, 986 F.2d at 560, amounts to _______ nothing more than speculation. In contending that the FBI overlooked relevant documents, plaintiff points to three factors. First, he notes that a 1989 teletype (of which he first learned during the course of other FOIA litigation) was sent from New York to Washington with a copy to Boston. Yet as we explained in Maynard, the fact that a document refers to the existence of _______ other records "does not independently generate an issue of material fact rendering summary judgment improper so long as reasonably detailed, nonconclusory affidavits demonstrate the reasonableness of the agency's [subsequent] search." 986 F.2d at 562; accord, e.g., Weisberg v. United States Dep't of ______ ____ ________ ______________________ Justice, 705 F.2d 1344, 1351 (D.C. Cir. 1983); see also _______ _________ Miller v. United States Dep't of Justice, 779 F.2d 1378, 1384 ______ ______________________________ (8th Cir. 1985) ("The fact that a document once existed does -3- not mean that it now exists; nor does the fact that an agency created a document necessarily imply that the agency has retained it.").  Second, plaintiff insists that the FBI must have records pertaining to his 1969 drug prosecution in Rhode Island state court. Yet his assertion that the FBI not only participated in that investigation but retained records pertaining thereto is conjectural. And even if accurate, that assertion would nonetheless fail to call into question the adequacy of the search as detailed in the Callahan affidavit. See Maynard, ___ _______ 986 F.2d at 560 (satisfactory agency affidavit is "accorded a presumption of good faith, which cannot be rebutted by purely speculative claims about the existence ... of other documents") (internal quotations omitted).  Finally, plaintiff complains that the search failed to look for entries involving possible misspellings of his name. Yet "there is no general requirement that an agency search ... variant spellings." Id. And the fact that the FBI did ___ at one point misspell plaintiff's name does not call for a different result, especially where the record reveals that the agency had corrected such error by December 1968. In the alternative, plaintiff alleges that, because of his pro se status, the district court erred in entering its ruling without first ensuring that he had notice of the summary judgment requirements. Yet we have no occasion here -4- to address whether such notice must always be afforded to pro se litigants in the Rule 56 context--a matter as to which courts have differed. Compare, e.g., Timms v. Frank, 953 _______ ____ _____ _____ F.2d 281, 283-86 (7th Cir. 1992) with, e.g., Jacobsen v. ____ ____ ________ Filler, 790 F.2d 1362, 1364-67 (9th Cir. 1986). In assessing ______ the adequacy of the agency's search, we have accorded full consideration to plaintiff's (untimely) opposition to the summary judgment motion and have accepted all reasonable factual allegations in his (unsworn) submissions as true. Even on that basis, an award of summary judgment for defendant would be mandated. The failure to advise plaintiff of the Rule 56 procedures, even if erroneous (a matter as to which we intimate no view), would thus have been harmless.  Affirmed. _________ -5-